CLD-180

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **26-1036**

BRIAN D. BAUR,
Appellant

v.

SUPERINTENDENT COAL TOWNSHIP SCI; ET AL.

(E.D. Pa. Civ. No. 2:24-cv-02421)

Present: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

Submitted are:

(1) By the Clerk for possible dismissal due to a jurisdictional defect; and

(2) Appellant's counseled request for a certificate of appealability under 28 U.S.C. § 2253
in the above-captioned case.

Respectfully,

Clerk

ORDER

A Philadelphia jury found Brian D. Baur guilty of third-degree murder. His direct appeal failed. More than ten months after his petition for a writ of certiorari was denied, *see Baur v. Pennsylvania*, 587 U.S. 987 (2019), Baur filed a counseled PCRA petition, which was granted in part and denied in part—a result upheld on appeal, *see Commonwealth v. Baur*, 295 A.3d 1274 (table) (Pa. 2023) (per curiam order). Nearly one year after his PCRA litigation ended, Baur filed a counseled habeas petition under 28 U.S.C. § 2254. The Commonwealth responded with a statute-of-limitations defense. The Magistrate Judge issued a Report recommending that Baur's petition be dismissed as untimely. The District Court overruled Baur's objections, adopted the Report, dismissed Baur's petition, and struck his unauthorized amended petition.

Baur, through counsel, filed a notice of appeal. Because the District Court granted relief under Federal Rule of Appellate Procedure 4(a)(5), this appeal is timely and we may consider Baur's counseled request for a certificate of appealability (COA).

The District Court's resolution of Baur's habeas petition on statute-of-limitations grounds is not reasonably debatable (or debated at all by Baur). *Cf. Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (providing the relevant COA standard). The District Court's statutory tolling analysis is free from doubt. *See* 28 U.S.C. § 2244(d)(2); *Sistrunk v. Rozum*, 674 F.3d 181, 188 (3d Cir. 2012). Reasonable jurists also would not debate that Baur failed to raise a viable basis for equitable tolling via actual innocence. *See* DC ECF No. 13 at 10 (Magistrate Judge: "Baur's claims challenge the legal sufficiency of his conviction, which does not satisfy the innocence exception.") (citing, inter alia, *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Accordingly, Baur's COA request is denied.

By the Court,

s/ Richard L. Nygaard
Circuit Judge

Dated: August 18, 2026
Tmm/cc: Mary Catherine Baur, Esq.
Peter F. Andrews, Esq.
Susan E. Affronti, Esq.
Ronald Eisenberg, Esq.

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate